**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 31, 2012

Lyle W. Cayce
Clerk

No. 11-40013

BETTY B. FULLER,

Plaintiff-Appellee,

versus

SECRETARY OF DEFENSE LEON E. PANETTA,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
No. 5:06-CV-91

Before SMITH, PRADO, and ELROD, Circuit Judges.
JERRY E. SMITH, Circuit Judge:[*]

Betty Fuller was employed by the Department of Defense as a supply clerk and, at about age 63, was passed over for a promotion to supply technician. She sued under the Age Discrimination in Employment Act, claiming that she was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied promotion because of age. The district court found that age was a motivating factor in the decision and awarded damages with interest. The Secretary of Defense appeals, claiming (1) that the evidence was insufficient to find that age was a motivating factor; (2) that the court erred by allowing Fuller to prevail on a mixed-motives theory; and (3) that interest should not have been awarded. We agree with the Secretary that there was insufficient evidence to find that age was a motivating factor, so we reverse without reaching the Secretary's other arguments.

Reon Hall, chief of the distribution-support division, interviewed Fuller for the supply-technician position in 2004 and found her to be unfocused and to have difficulty relating her experience to the job she was applying for. Midway through the interview, Fuller even asked what exactly she was applying for. Instead of Fuller, Hall chose Julie Metcalf, 38, who had been the backup to the person who had previously held the job and had temporarily held the position until it could be filled permanently.

Doug Field, 58, supervised Fuller when she was a supply clerk but did not have authority over hiring for the supply-technician position. Patsy Smith was a coworker and friend of Field's who often socialized with him outside of work. At some point—it is not certain when—Field remarked to Fuller, after Smith's husband died, that Smith was "older" and should "go on home" to be with her family. The court later found that that remark "reflect[ed] [Field's] belief that certain long-term employees who were older needed to 'go on home.'" That is the only evidence the court cites to support its finding that age was a motivating factor in the employment decision. Because that evidence was insufficient for a finding of liability—even on a mixed-motives theory—we reverse without reaching the question whether a mixed-motives theory is ever appropriate in the wake of *Gross v. FBL Financial Services, Inc.*, 129 S. Ct. 2343 (2009).

To be probative of discrimination, a remark must be "(1) related [to the

protected class of persons of which the plaintiff is a member]; (2) proximate in time to the [employment decision]; (3) made by an individual with authority over the employment decision at issue; and (4) related to the employment decision at issue." *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655 (5th Cir.1996). If a remark does not meet all those criteria, it is considered a "stray remark" and cannot be used to demonstrate discrimination. This remark fails under the third and fourth prongs.

Field's statement was not made by an individual with authority over the employment decision and was therefore a stray remark. Field was Fuller's supervisor, but the parties do not dispute that the employment decision was entirely up to Hall. The court found the remark was nevertheless probative, because it was reasonable to infer that a hiring official would have some contact with an employee's direct supervisor. Even if, however, Field and Hall had discussed Fuller's qualifications, mere contact does not mean that the remark becomes attributed to Hall. Nor does contact with the person who had authority over the decision give Field authority over it. The remark was plainly not "*made by an individual with authority over the employment decision.*" *Id.* (emphasis added).

Furthermore, the remark fails the fourth requirement of *Brown*, because the context of the remark had nothing to do with this or any other employment decision. Field's statement was related to Field's opinion about what would be best for his friend's family after her husband's death. Because the observation was not related to the employment decision, it was a stray remark and cannot be evidence of discrimination as a matter of law. *Id.*

Fuller cites *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000), for the proposition that a plaintiff may establish liability by showing that a vacancy occurred for which the plaintiff was qualified, but the plaintiff was passed over in favor of a younger person, combined with evidence casting doubt

No. 11-40013

on the veracity of the employer's justification for the decision (pretext). That argument fails, however, because the district court explicitly found that "Fuller has not shown that the defendant's reasons were pretextual." Therefore, the evidence is insufficient to find that Fuller's age was a motivating factor.

The judgment is REVERSED and RENDERED in favor of the Secretary.